**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Rodd,<br><br>              Plaintiff,<br><br>     vs.<br><br>Stillwater Insurance Company, et al.,<br><br>              Defendants. | No. CV-16-00497-PHX-PGR<br><br>ORDER |

Pending before the Court is the plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 34), to which only defendant Freedom Mortgage Corporation has filed an opposition. Having reviewed the parties' memoranda, the Court, in the exercise of its discretion, finds that the motion should be granted.

This action was removed from state court on the basis of diversity of citizenship jurisdiction by defendant Stillwater Insurance Company. The Amended Complaint alleges a claim for breach of contract against Stillwater, the plaintiff's insurer, a claim for breach of the covenant of good faith and fair dealing against defendant Freedom Mortgage Company, the plaintiff's mortgage company, and a claim for punitive damages against both defendants, all arising from the manner in which the defendants handled the aftermath of an accidental fire on June 24, 2014

1 that caused extensive damage to the plaintiff's home and personal property. In her
2 pending motion to amend, the plaintiff seeks to file a second amended complaint in
3 order to add a non-diverse defendant, Desert Dry Restoration, LLC, an emergency
4 mitigation and disaster remediation company that undertook to do a post-fire
5 inventory of the plaintiff's property.[1] The plaintiff proposes to add claims for
6 interference with contract and unjust enrichment against Desert Dry. The plaintiff
7 alleges in her motion that she had originally believed that Desert Dry was merely
8 acting as an agent for Stillwater but that Stillwater has refused in discovery
9 responses to admit that agency or admit that it is vicariously liable for Desert Dry's
10 actions, which the plaintiff alleges include performing an incomplete and inaccurate
11 inventory of the plaintiff's destroyed property, and engaging in inappropriate ex parte
12 communications with the plaintiff which helped facilitate lengthy delays in the
13 adjustment of the plaintiff's claim and Stillwater's withholding of policy benefits from
14 the plaintiff.

As the plaintiff notes in her motion, and Freedom Mortgage ignores in its opposition, when a plaintiff seeks to enjoin a non-diverse defendant to an action removed on the basis of diversity of citizenship jurisdiction, joinder is governed by 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the

---

[1] Freedom Mortgage does not dispute the plaintiff's allegations in her proposed second amended complaint that Desert Dry, like the plaintiff, is an Arizona citizen since all of its members are Arizona citizens.

Freedom Mortgage also concedes in its opposition to the motion to amend that its liability to the plaintiff, which is premised on the plaintiff's allegation that it improperly used insurance claim proceeds from Stillwater to pay off the plaintiff's mortgage instead of repairing the plaintiff's home, is not tied to any actions by Desert Dry.

- 2 -

court may deny joinder, or permit joinder and remand the action to the state court." The decision to permit joinder of a diversity-destroying defendant is left to the sound discretion of the Court. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Because § 1447(e) is silent as to how courts should exercise this discretion, district courts within the Ninth Circuit have considered a variety of factors, including (1) whether the person sought to be joined is necessary for the just adjudication of the controversy, (2) the plaintiff's motive for seeking joinder and whether the plaintiff is seeking to add the defendant solely to destroy diversity of citizenship jurisdiction, (3) whether there has been a delay in seeking to add the new defendant, (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court, (5) the apparent validity of the claims against the new defendant, and (6) any prejudice to the plaintiff if the amendment is denied. Ansley v. Metropolitan Life Ins. Co., 215 F.R.D. 575, 579-80 (D.Ariz.2003); Damian v. CitiMortgage Inc., 2014 WL 1285892, at *2 (D.Ariz. March 31, 2014); Perryman v. Life Time Fitness, Inc., 2009 WL 5185177, at *2 (D.Ariz. Dec. 22, 2009). No single factor is decisive and the Court may weigh each factor as it sees fit. Verrell v. ROC AZ Villa Antiqua LLC, 2014 WL 3556359, at *1 (D.Ariz. July 18, 2014).

As for the first factor, the plaintiff argues that Desert Dry is a necessary party at this time because Stillwater has failed to admit in its discovery responses that Desert Dry is its agent and that it is variously liable for Desert Dry's actions and omissions, whereas Freedom Mortgage argues that Desert Dry is not a necessary party under the standard of Fed.R.Civ.P. 19 because the plaintiff has not demonstrated how complete relief cannot be afforded in this action unless Desert Dry is added as a defendant. The Court disagrees with Freedom Mortgage's

1 position because § 1447(e) gives the Court more flexibility than a strict Rule 19
2 analysis, Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir.1999); Miller v. United
3 Airlines, 2001 WL 823815, at *1 (N.D.Calif. July 10, 2001), and the Court concludes
4 the plaintiff has sufficiently shown that the claims against Desert Dry arise from the
5 same general circumstances as the claims against Stillwater and Freedom Mortgage
6 and that its joinder will help effect complete relief among the parties.

7 As for the second factor, the Court, notwithstanding Freedom Mortgage's
8 argument to the contrary, is not convinced that the plaintiff is seeking to amend her
9 complaint solely for the purpose destroying diversity jurisdiction. The Court accepts
10 the plaintiff's reasoning for seeking to add Desert Dry at this time, which is based on
11 Stillwater's failure to concede that Desert Dry is its agent, and declines to impute an
12 improper motive to the plaintiff simply because she seeks to add a non-diverse
13 defendant post-removal. *See* Damian v. CitiMortgage Inc., 2014 WL 1285892, at *3
14 (D.Ariz. March 31, 2014.)

15 As for the third factor, the Court's rejects Freedom Mortgage's argument that
16 the plaintiff unduly delayed in seeking to add Desert Dry as a defendant.  While the
17 motion to amend was filed some 4½ months after this action was originally filed in
18 state court, the Court accepts the plaintiff's explanation that at the time she filed her
19 state court complaint and her Amended Complaint she did not know that there was
20 any dispute as to Desert Dry's status as Stillwater's agent, and that she sought to
21 add Desert Dry as a defendant immediately after learning from Stillwater's discovery
22 responses that there was a dispute.  In any case, any delay is inconsequential since
23 the Court has not yet held a scheduling conference in this action.

24 As for the fourth and sixth factors, the Court concludes that they weigh in favor
25 of joinder given the possibility that the plaintiff's proposed interference with contract

26

1  claim against Desert Dry, which is subject to a two-year statue of limitations, <u>Clark v. Airesearch Manufacturing Co. of Arizona, Inc.</u>, 673 P.2d 984, 987 Ariz.App.1983), may be barred if the plaintiff were now forced to file a separate action in state court against Desert Dry, and this possibility is prejudicial to the plaintiff.  Furthermore, even if the plaintiff can still file a timely separate action against Desert Dry in state court, such a result would conflict with a purpose of joinder, which is the avoidance of the risk of multiple litigation involving the same subject matter, and the Court declines to adopt the possibility of a new state court action as a sole basis for denying the plaintiff's motion to amend. <u>Eaton Veterinary Laboratories, Inc. v. Wells Fargo Merchant Services, LLC</u>, 2007 WL 2904171, at *2 (D.Ariz. Oct. 4, 2007).

As for the fifth factor, the Court concludes that it weighs in favor of joinder because the plaintiff has shown that it has claims against Desert Dry that are sufficiently valid for § 1447(e) purposes.  Therefore,

IT IS ORDERED that plaintiff Lori Rodd's Motion for Leave to File Second Amended Complaint (Doc. 34) is granted to the extent that the plaintiff shall file her second amended complaint as proposed in Exhibit 1 to her Addendum to Motion for Leave to File Second Amended Complaint (Doc.36) no later than July 29, 2016.[2]

DATED this 22nd day of July, 2016.

_____
Paul G. Rosenblatt
United States District Judge

---

[2] The parties are advised that the Court will review the second amendment complaint upon its filing and if it sufficiently alleges that Desert Dry Restoration, LLC is a non-diverse defendant, the Court will *sua sponte* remand this action to the Maricopa County Superior Court pursuant to 28 U.S.C. § 1447(c) and (e) for lack of subject matter jurisdiction.